UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THOMAS L. BULLOCK,

    Plaintiff, : Civ. No. 16-8067(NLH)(KMW)

  v. : OPINION

WARDEN GERALDINE COHEN, et al.,

    Defendants.

APPEARANCES:
Thomas L. Bullock
524 E. Pine Street
Millville, NJ 08330
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Thomas L. Bullock ("Plaintiff") seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Based on his affidavit of indigence (ECF No. 1-2), the Court previously granted Plaintiff leave to proceed in forma pauperis and ordered the Clerk of the Court to file the Complaint. (ECF No. 2.)

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against the following Defendants: (1) Geraldine Cohen, Warden of Atlantic County Justice Facility ("ACJF"); (2) CFG, which this Court understands to be CFG Health Systems LLC, a for-profit limited liability company which has contracted with ACJF to provide medical services to ACJF inmates; (3) Cheryl DeBoise, a CFG supervisor working on-site at ACJF; (4) off-site physician Dr. Lawre Ognibene; (5) Atlantic County Freeholders of the State of New Jersey; (6) Atlantic County Freeholder Frank Formica; and (7) Atlantic County Executive Dennis Levinson.

The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court makes no findings as to the veracity of Plaintiff's allegations.

In the Complaint, Plaintiff alleges that he has been detained at ACJF for over 17 months.[1] (Compl. ¶ 4, ECF No. 1.) Plaintiff complained about stomach issues for approximately 9 to

---

[1] On June 23, 2017, the Court received a letter from Plaintiff requesting that all correspondence from the Court in this matter be sent to the Millville, New Jersey address listed above. (See ECF No. 5.) It therefore appears that Plaintiff may no longer be detained at ACJF.

2

10 months. (Id.) Plaintiff's pleading does not provide any additional details about when, how, and to whom he made these complaints.[2] (See, generally, Compl.) Plaintiff was informed that he was scheduled to receive a colonoscopy in April 2016. (Id. at ¶ 4.) Plaintiff does not provide any specific details about when, how, and from whom he learned that he was scheduled for this procedure, nor does he set forth any specific medical diagnosis which warranted the scheduling of this procedure. (See, generally, id.) It is also unclear why the procedure did not go forward as scheduled. (Id.)

On September 6, 2016, Plaintiff made an emergency medical request to Warden Cohen and Cheryl DeBoise. (Compl. at ¶ 4.) On September 9, 2016, Plaintiff was transferred from ACJF to an off-site medical center where Dr. Lawre Ognibene performed a colonoscopy on Plaintiff. (Id.) During that procedure, Dr. Ognibene also removed a newly-discovered growth from Plaintiff. (Id.) Dr. Ognibene removed this growth while Plaintiff was anesthetized and did so without first discussing the same with Plaintiff. (Id.)

On September 15, 2016, an unnamed ACJF facility doctor advised Plaintiff of the events which transpired while Plaintiff

---

[2] Plaintiff does, however, generally allege that Defendant Cheryl DeBoise provided "no response to several medical issues directed to her." (Compl. at Attached Sheet, ECF No. 1-1 at p. 3.)

was anesthetized. (Id.) Plaintiff continues to "experience difficulties and pain" as a result of the foregoing.[3] (Id.)

Other than specifically alleging that Plaintiff directed his September 6, 2016 emergency medical request to, inter alia, Warden Cohen, Plaintiff's claims against Warden Cohen are not based on any direct interactions Plaintiff had with that defendant; they instead arise from Warden Cohen's supervisory responsibilities at ACJF to "make sure all inmates get proper [medical] care." (See Compl. ¶ 3; accord id. ("[Warden Cohen] allows POD officers to determine inmate's medical issues").)

Plaintiff's claims against Atlantic County Executive Dennis Levinson similarly arise out of his supervisory responsibilities as the executive of Atlantic County; Plaintiff does not make any specific factual allegations against Defendant Levinson. (See Compl. at Attached Sheet.)

Likewise, Plaintiff's claims against the Atlantic County Freeholders and its chairman, Frank Formica (collectively, the "Freeholder Defendants"), appear to stem from the Freeholders Defendants' role as the governing body of Atlantic County; again, Plaintiff fails to allege any specific actions undertaken by the Freeholder Defendants which have caused him harm. (Id.)

---

[3] Although Plaintiff's Complaint refers to his "inmate medical record for additional information", (see Compl. at ¶ 4), that document does not appear to have been appended to his pleading.

4

Finally, while Plaintiff lists ACJF's third-party medical provider, CFG, as a defendant in the caption of his pleading, he fails to make any specific factual allegations against that entity. (See, generally, Compl.)

Plaintiff requests an award of $5,000,000.00 in monetary damages based on defendants' "failure to diagnose, misdiagnose, pain, suffering, anxiety, stress, and un-reasonable delay in getting medical attention."[4] (Id. at ¶ 5.)

II. DISCUSSION

A. Legal Standard

1. Standards for a Sua Sponte Dismissal

District courts must review complaints in those civil actions in which a person is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2)(B). This statute directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id. This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) because Plaintiff is proceeding as indigent.

---

[4] The Court deems Plaintiff's additional request for "a second opinion on the finding of Dr. Ognibene Lawre and the cause for surgery", (see Compl. at ¶ 5), as being related to and derivative of Plaintiff's failure to diagnose and misdiagnose claims.

5

According to the Supreme Court's decision in <u>Ashcroft v. Iqbal</u>, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). To survive <u>sua sponte</u> screening for failure to state a claim,[5] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. <u>Fowler v. UPMS Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Belmont v. MB Inv. Partners, Inc.</u>, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting <u>Iqbal</u>, 556 U.S. at 678).

Moreover, while <u>pro se</u> pleadings are liberally construed, "<u>pro se</u> litigants still must allege sufficient facts in their complaints to support a claim." <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. §

---

[5] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." <u>Schreane v. Seana</u>, 506 F. App'x 120, 122 (3d Cir. 2012) (citing <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000)).

1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

In light of the factual allegations detailed supra, this Court deems Plaintiff's Complaint as attempting to assert a Section 1983 denial of adequate medical care claim. For the reasons detailed infra, Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim.

B. Analysis

The Eighth Amendment prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337, 344–46 (1981). This proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.

Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). Pre-trial detainees also have a constitutional right to receive adequate medical care; this right, however, is grounded in the due process protections the Fourteenth Amendment, as opposed to the Eighth Amendment.[6] See Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003). This Court applies the Eighth Amendment standard set forth in Estelle, 429 U.S. 97 (1976), when evaluating a Fourteenth Amendment due process claim for inadequate medical care by a detainee. Banda v. Adams, 674 F. App'x 181, 184 (3d Cir. 2017) (citing Natale, 318 F.3d at 581).

In order to set forth a facially plausible Section 1983 denial of adequate medical care claim, Plaintiff must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Estelle, 429 U.S. at 106 (1976).

Serious medical needs which will satisfy the first prong of Estelle include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for a doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. Monmouth Cty. Corr. Inst. Inmates

---

[6] The allegations in Plaintiff's Complaint suggest – but fail to expressly confirm – that Plaintiff is a non-convicted pre-trial detainee.

8

v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837–38 (1994).

> Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest. Similarly, where 'knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care,' the deliberate indifference standard has been met. . . . Finally, deliberate indifference is demonstrated '[w]hen . . . prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment.'

Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 346 (citations omitted).

The Third Circuit has found "deliberate indifference" in a myriad of situations, including:

> 'where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; . . . (3) prevents a prisoner from receiving needed or recommended medical treatment;' and (4) 'where the prison official persists in a particular course of treatment in the face of resultant pain and risk of permanent injury.'

McCluskey v. Vincent, 505 F. App'x 199, 202 (2012) (citations omitted).

It also, however, remains "well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" McCluskey, 505 F. App'x at 202 (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Accord Andrews v. Camden Cty., 95 F. Supp. 2d 217, 228 (D.N.J. 2000) (citing White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) ("Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation unless deliberate indifference be shown.").

Moreover, "a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference." Andrews, 95 F. Supp. 2d at 228 (D.N.J. 2000). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White, 897 F.2d at 110 (3d Cir. 1990).

Taking the allegations of the Complaint as true, it is clear that Plaintiff has pled sufficient facts to show that he had a serious medical need as of September 2016. Indeed, Plaintiff specifically claims that he made an emergency medical complaint to Sheryl DeBoise and Warden Cohen on September 6, 2016, and that as of September 9, 2016, i.e., within three days, Plaintiff had been sent off-site from ACJF and undergone

surgery. (Compl. at ¶ 4.) Plaintiff further notes that on September 15, 2016, ACJF's on-site physician followed-up with Plaintiff about his September 9th medical procedure. (Id.)

The foregoing facts, however, in no way suggest that any defendant acted with constitutionally actionable "deliberate indifference" to Plaintiff's September 2016 request for emergency medical treatment, i.e., that defendants knew of Plaintiff's need for medical treatment but intentionally refused to provide it, or delayed necessary treatment for non-medical reasons, or prevented Plaintiff from receiving needed or recommended treatment, or persisted in a particular course of treatment in the face of resultant pain or risk of permanent injury. McCluskey v. Vincent, 505 F. App'x 199, 202 (3d Cir. 1999); Pierce v. Pitkins, 520 F. App'x 64, 66 (3d Cir. 2013) (listing factual scenarios in which the Third Circuit found deliberate indifference).

Similarly, Plaintiff's Complaint suggests that Dr. Ognibene's removal of a growth from Plaintiff's body was medically "necessary", (see Compl. at ¶ 4), and was done based solely on reasons of sound medical judgment, notwithstanding that that this growth was removed while Plaintiff was anesthetized and without Dr. Ognibene receiving Plaintiff's prior consent to remove that growth; there are no facts alleged by Plaintiff which in any way suggest Dr. Ognibene's actions on

11

September 9, 2016 were undertaken with constitutionally actionable "deliberate indifference" to Plaintiff.  As such, these factual allegations in no way support a cognizable Section 1983 claim.  See, e.g., Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) ("claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'").

In short, the facts alleged in Plaintiff's Complaint fail to show how any defendant acted with deliberate indifference to Plaintiff's serious medical needs in September 2016 (emphasis added); these facts instead suggest that ACJF officials acted appropriately and promptly in response to Plaintiff's September 6, 2016 request for urgent medical care.  As such, the above-referenced facts do not support a facially plausible Section 1983 claim under Estelle.

And while it appears that Plaintiff may be able to plead additional facts and information which would suggest that he was deprived of his constitutional right to receive adequate medical care during his confinement at ACJF in the months leading up to his September 2016 surgery, Plaintiff's vague assertions in his current pleading that he complained about stomach issues for approximately 9 to 10 months to unspecified individuals on unspecified dates and that he was scheduled to undergo a

12

colonoscopy in April 2016 are insufficient to support a facially

plausible Section 1983 claim under Estelle.

In sum, Plaintiff's Complaint, as pled, fails to allege

sufficient facts demonstrating that the medical treatment he

received while confined at ACJF was constitutionally inadequate.[7]

---

[7]   Even if Plaintiff alleged sufficient facts to support a facially plausible Section 1983 claim against some of the defendants named in this lawsuit – and he has not – the Court would still dismiss Plaintiff's Complaint against those defendants who are not alleged to have any personal involvement with Plaintiff's medical care at ACJF, and who instead appear to have been named as defendants solely based of their general supervisory responsibilities over ACJF, i.e., the Atlantic County Freeholders of the State of New Jersey, Atlantic County Freeholder Frank Formica, Atlantic County Executive Dennis Levinson, and CFG.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 ("a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution.").

Indeed, as a general matter, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  Id.  The Court notes that "a supervisor may [nonetheless] be personally liable . . . if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations."  Santiago v. Warminster Tp., 629 F.3d 121, 129 (3d Cir. 2010) (quoting A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004)).

The Court also recognizes that a supervisor may be liable for an Eighth Amendment [or Fourteenth Amendment] violation if the plaintiff "identif[ies] a supervisory policy or procedure that the supervisor defendant failed to implement, and proves that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure."  Barkes v. First Correctional Medical, Inc., 766 F.3d 307, 316 (3d Cir.

As such, Plaintiff has failed to state any federal claim for relief.

Any remaining potential basis for this Court to consider Plaintiff's state law claims lies within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, when a court has dismissed all claims over which it had federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. See id. at § 1367(c)(3). This Court will exercise its discretion to decline supplemental jurisdiction over the

---

2015), rev'd on other grounds sub nom. Taylor v. Barkes, 135 S. Ct. 2042 (2017).

Here, it clear that Plaintiff has not alleged any facts that support a finding of supervisory liability against the Atlantic County Freeholders of the State of New Jersey, Atlantic County Freeholder Frank Formica, Atlantic County Executive Dennis Levinson, and CFG. There are no factual claims which even remotely suggest that any of these defendants should be held liable for the unconstitutional acts committed by their subordinates or for implementing policies and procedures which violated Plaintiff's constitutional rights. Indeed, Plaintiff's Complaint altogether fails to allege facts which suggest that the medical care he received at ACJF was constitutionally inadequate.

As such, this Court would still dismiss Plaintiff's Complaint as against the State of New Jersey, Atlantic County Freeholder Frank Formica, Atlantic County Executive Dennis Levinson, and CFG.

For substantially similar reasons, the Court would also dismiss Plaintiff's Complaint against Warden Cohen to the extent Plaintiff's claims against that defendant arise out Warden Cohen's alleged failure to properly supervise ACJF medical personnel.

state law claims Plaintiff appears to be pursuing in his Complaint.

III. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint will be dismissed without prejudice as Plaintiff fails to state a federal claim for relief and this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, Plaintiff shall be given the opportunity to file a proposed amended complaint should he elect to do so that shall also be subject to screening.[8] An appropriate Order follows.

Dated: January 8, 2018        s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

---

[8] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); see also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Wright & Miller, supra, at § 1476.